IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DALE HARAPAT,

    Plaintiff,

vs.                                                       Civ. No. 02-1293 JP/RLP

CLAUDIO TAPIA, MARTHA JOHNSON,
and KFUN/KLVF, INC., an Oklahoma
corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On March 20, 2003, the Defendants filed a Motion to Dismiss Certain Claims (Doc. No. 20). Having reviewed the briefs and relevant law, the Court finds that the Defendants' motion to dismiss should be granted in part.

A.  Background

The Plaintiff worked for Defendant KFUN/KLVF, Inc. (KFUN) at a radio station in Las Vegas, New Mexico, from 1987 until 2000 when the Plaintiff was terminated.  KFUN employed the Plaintiff as a sales manager and disc jockey.  Dennis Mitchell was at all relevant times the station manager and the Plaintiff's direct supervisor.  Defendants Tapia and Johnson were employees for KFUN.

On October 15, 2002, the Plaintiff filed this lawsuit in federal court.  The Plaintiff alleges that:

    1.  KFUN violated the New Mexico Human Rights Act (NMHRA);

    2.  KFUN negligently retained Defendant Tapia;

    3.  Defendant Tapia committed assault and battery against the Plaintiff;

    4.  the Defendants tortiously interfered with the Plaintiff's business relationships with advertising clients;

     5. KFUN breached its contract with the Plaintiff;

     6. KFUN intentionally injured the Plaintiff when it refused to pay the Plaintiff according to the terms of their agreement;

     7. KFUN committed a *prima facie* tort;

     8. the Defendants defamed the Plaintiff in September 2000 when slanderous flyers were hung in the windows of several Las Vegas businesses on the opening day of the Plaintiff's herbal shop; and

     9. the Defendants conspired to harm the Plaintiff.

B.  Standard for Motion to Dismiss

     In considering a motion to dismiss for failure to state a claim, the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

C.  Discussion

     The Plaintiff states in his response brief that he does not oppose the dismissal of the claims of assault and battery, *prima facie* tort, and intentional act. Those claims will, therefore, be dismissed with prejudice. The Defendants' arguments which do not pertain to those claims are as follows: 1) Plaintiff failed to exhaust his administrative remedies before bringing the NMHRA claim in federal court; 2) the applicable statute of limitations bars certain claims based upon alleged conduct occurring prior to October 15, 1998, and bars any claims of personal injury occurring before October 15, 1999; 3) KFUN is not liable for the alleged defamation or conspiracy to defame; and 4) the Plaintiff has failed to state a claim for tortious interference and conspiracy to tortiously interfere.

1. The NMHRA Claim

"Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party." *Sonntag v. Shaw*, 2001-NMSC-015 ¶13, 130 N.M. 238.  The Plaintiff does not dispute that he has failed to exhaust his administrative remedies with respect to the NMHRA claim.  Instead, the Plaintiff attempts to re-characterize his NMHRA claim as a claim for independent state tort actions consisting of racial and sexual harassment and intentional infliction of emotional distress.  A plain reading of Count I of the Plaintiff's Complaint, entitled "Count I:  New Mexico Human Rights Act," fails to alert the reader that the Plaintiff is alleging independent state tort actions.  If the Plaintiff wishes to allege independent state tort actions, he may do so by complying with the appropriate Federal Rules of Civil Procedure which pertain to the amendment of complaints.  Plaintiff's NMHRA claim, however, is subject to dismissal without prejudice for failure to exhaust administrative remedies.

2. The Statute of Limitations

The Plaintiff does not address the Defendants' statute of limitations arguments.  The Plaintiff's failure to address the statute of limitations arguments amounts to a consent to dismiss the relevant claims under the appropriate statute of limitations.  *See* D.N.M. LR-Civ. 7.1(b)(failure to respond to a motion constitutes consent to grant that motion).  Consequently, the Court will dismiss with prejudice Plaintiff's claims for negligent retention of Defendant Tapia, tortious interference, and civil conspiracy based upon alleged conduct occurring prior to October 15, 1998.  *See* 1978 NMSA §37-1-4 (1880)(all other lawsuits are subject to a four year statute of limitations).  Although the Court could also dismiss with prejudice any claims of personal injury occurring before October 15, 1999 under the statute of limitations theory, it is unnecessary for the Court to do so since the Plaintiff has already agreed to dismiss the assault and battery claim.

3

3. Alleged Defamation by KFUN

An employer can be liable for compensatory damages resulting from the commission of a tort by an employee acting within the scope of his or her employment, regardless of employer culpability. *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 431, 773 P.2d 1231,1238 (1989)(applying vicarious liability law in defamation case)(quoting *Samedan Oil Corp. v. Neeld*, 91 N.M. 599, 602-03, 577 P.2d 1245, 1248-49 (1978)).  An "employer is liable for punitive damages for the tortious act of an employee acting within the scope of his employment and where the employer in some way participated in, authorized or ratified the tortious conduct of the employee." *Id*. (citing *Samedan Oil Corp.*, 91 N.M. at 603, 577 P.2d at 1249).  Scope of employment is defined in New Mexico as follows:

> An act of an employee is within the scope of employment if:
> 1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
> 2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

UJI 13-407 NMRA 1998.

The Complaint in this case fails to aver any facts from which one could explicitly or implicitly conclude that Defendants Tapia and Johnson were acting within the scope of their employment with KFUN when they allegedly posted the defamatory flyers in various businesses.  Moreover, the Plaintiff alleges no facts which indicate that KFUN in "some way participated in, authorized or ratified" the alleged defamation by Defendants Tapia and Johnson.  The defamation claim against KFUN should, therefore, be dismissed without prejudice for failure to state a claim upon which relief can be granted.

4. Alleged Involvement of KFUN in Conspiracy to Defame

"To state an action for civil conspiracy, there must be allegations in the complaint of (1) the existence of a conspiracy; (2) wrongful act done pursuant to the conspiracy; and (3) resulting

damages." *Saylor v. Valles*, 2003-NMCA-037 ¶25, 133 N.M. 432 (citing *Las Luminarias of the New Mexico Council of the Blind, v. Isengard*, 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct. App. 1978)). The plaintiff must allege facts from which the court can directly or inferentially conclude that a conspiracy existed. *Id*. (citing *Las Luminarias*, 92 N.M. at 300, 587 P.2d at 447). Conclusory statements of a conspiracy do not suffice to state a claim of civil conspiracy. *Id*.

As stated above, the Plaintiff has failed to allege facts which show that KFUN engaged in any defamation of the Plaintiff. *See Las Luminarias*, 92 N.M. at 300, 587 P.2d at 447 ("Civil conspiracy is not of itself actionable; the gist of the action is the damages arising from the acts done pursuant to the conspiracy."). The Plaintiff merely alleges in a conclusory fashion that KFUN was involved in a conspiracy to harm the Plaintiff. Consequently, the Plaintiff has failed to state a claim of civil conspiracy to defame against KFUN. That claim will, therefore, be dismissed without prejudice.

    5.  Alleged Tortious Interference and Conspiracy to Tortiously Interfere With Business Relationships

The Plaintiff alleges that the Defendants tortiously interfered with the existing agreement between the Plaintiff and Mitchell, apparently an agent for KFUN, which provided that the Plaintiff would receive a "15% commission on any amount owed to KFUN through a contract established between [Plaintiff] and any commercial business." Complaint at ¶6. "In order to state a claim for tortious interference with existing or prospective contractual relations, a plaintiff must allege that the defendant 'interfered [with contractual relations] with an improper motive or by improper means, or acted without justification or privilege.'" *Schuler v. McGraw-Hill Companies, Inc.*, 989 F.Supp. 1377, 1391 (D.N.M. 1997), *aff'd by* 145 F.3d 1346 (10th Cir. 1998), *cert. denied*, 525 U.S. 1020 (1998)(quoting *Quintana v. First Interstate Bank*, 105 N.M. 784, 786, 737 P.2d 896, 898 (Ct. App. 1987)(internal citations omitted)). "Improper motive" occurs when the defendant acts solely to harm

5

the plaintiff.  *Id*. (citing *M & M Rental Tools, Inc. v. Milchem, Inc.*, 94 N.M. 449, 454, 612 P.2d 241, 246 (Ct. App. 1980)).  "Improper means" are described in predatory terms and include "'violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood.'"  *Id*. (quoting *M & M Rental Tools, Inc.*, 94 N.M. at 454, 612 P.2d at 246).  "The plaintiff bears the burden of proving that the interference was improper."  *Id*. (citing *Anderson v. Dairyland Ins. Co.*, 97 N.M. 155, 159, 637 P.2d 837, 841 (1981)).  Once the plaintiff has shown that there was an improper interference, the defendant has the burden of showing that he or she was entitled to act under a privilege.  *See M & M Rental Tools, Inc.*, 94 N.M. at 455, 612 P.2d at 247.

In this case, the Plaintiff alleges that Defendant Tapia failed to give the Plaintiff messages from several advertising clients.  Complaint at ¶¶19, 35, 36, 38, 39.  The Plaintiff's failure to receive these messages allegedly resulted in the Plaintiff losing commissions.  The Plaintiff contends that Defendant Tapia acted solely to harm the Plaintiff.  Considering the apparent animosity between the Plaintiff and Defendant Tapia as described throughout the Plaintiff's Complaint, the Court can infer that Defendant Tapia's alleged interference with the Plaintiff's ability to obtain commissions was improperly motivated.  The Plaintiff's tortious interference claim, therefore, states a claim for which relief can be granted and so is not subject to dismissal at this time.  However, KFUN, as a party to the agreement to pay the Plaintiff a commission for obtaining advertising clients, cannot be held liable under a civil conspiracy theory for tortiously interfering with its own agreement with the Plaintiff.  Consequently, the civil conspiracy claim against KFUN for tortious interference will be dismissed with prejudice.

IT IS ORDERED that:

1. Defendants' Motion to Dismiss Certain Claims (Doc. No. 20) is granted in part;

2.  Plaintiff's claims for assault and battery, *prima facie* tort, intentional act, and for civil conspiracy for tortious interference against KFUN will be dismissed with prejudice;

3.  Plaintiff's claims under the NMHRA, the defamation claim against KFUN, and the claim for civil conspiracy to defame against KFUN will be dismissed without prejudice; and

4.  Plaintiff's claims for negligent retention of Defendant Tapia, tortious interference, and civil conspiracy which are based upon alleged conduct occurring prior to October 15, 1998 will be dismissed with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE